IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| WANDA FAYE KERN | ) | |
| CECIL L. KERN | ) | |
| | ) | |
| Debtors. | ) | CASE NO. 17-71159 |

### MEMORANDUM OPINION

This matter comes before the Court on the objection filed by Christopher T. Micale, Chapter 13 Trustee (the "Trustee"), to exemptions claimed by the Debtors, Cecil L. Kern and Wanda Faye Kern (the "Debtors"). An evidentiary hearing was held November 14, 2017. The matter was fully briefed and is ripe for decision. This case presents the unique set of circumstances where the Debtors have claimed Virginia exemptions, but live close to the Virginia-Tennessee state line. They have taken steps toward changing their residence across the line from Virginia to Tennessee, including buying a house in Tennessee, but just have not been able to physically move. The question the Court must address is whether buying a residence in another state with the intention to move -- but not actually moving because they cannot do so until they sell their current residence – is enough to change one's "domicile," the critical factor in determining which exemptions a debtor may claim. In the circumstances of this case, the Court concludes it is not.

### Factual Background

The facts in this case are largely uncontested. The Debtors filed a petition seeking relief under Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 1301 et. seq., on August 28, 2017. In their joint petition, the Debtors completed Statement 5, "Where you live," as 180 Cloud High

Road, in Duffield, Virginia (the "Virginia Property"). Duffield is in Scott County, Virginia, which borders on the Tennessee-Virginia state line. Docket Entry 1. In their schedules, the Debtors identified the Virginia Property as a single family residence. The Debtors' schedules also reflect ownership of another single family residence, this one in Kingsport, Tennessee, about a 35 minute drive from the Virginia Property.

The Tennessee Property was acquired in 2010. Both Debtors, each of whom the Court finds to be a sincere and credible witness, testified that it is their intent to move to the Tennessee Property. They have taken steps toward that goal, such as by moving some of their personal property into it, including furniture and kitchen appliances. However, they cannot physically move until they sell the Virginia Property, which consists of a house and 56 acres of land. The maintenance and upkeep of the Virginia Property, and the desire to be located closer to available medical care, were driving factors in acquiring the Tennessee Property at the time. The Debtors testified they rarely stay in the Tennessee Property, although they did stay more frequently when they first bought it than they do now. They never moved their pets, which they regularly drove back to the Virginia Property to feed after they bought the Tennessee Property. In the last year, Mr. Kern testified the Debtors spent one night at the Tennessee Property. Although they visit the Tennessee Property periodically during the week (primarily by Mr. Kern) and pick up some mail there, the vast majority of their time is spent at the Virginia Property, which is their long time residence.

Mr. Kern is 66 years old and has lived in Virginia his entire life. He is a former trucker, who retired after suffering an accident, and he works as a pastor at a church in Virginia near the Virginia Property. He expects to continue working at and attending that church even after they move to Tennessee. The Debtors filed their 2015 and 2016 Federal tax returns with a Tennessee

2

home address but voted in Virginia elections, with Mr. Kern voting in the most recent election as a Virginia resident. Mrs. Kern did not vote. Mr. Kern maintains a concealed carry permit in Virginia. The Debtors have Virginia driver's licenses and their vehicles are registered in Virginia. They have bank accounts at the Eastman Credit Union branch in Duffield, Virginia and at Powell Valley National Bank, each listing the Virginia Property as their address, but they also maintain accounts at HomeTrust Bank and Edward Jones Investments with the Tennessee Property listed as their address. See Trustee's Exhibit D.

Mr. Kern has claimed as exempt an "annuitized personal injury settlement" in the amount of $850,000.00. See Debtors' Schedules A/B, C. The exemption is claimed under Va. Code Ann. § 34-28.1.[1] The Trustee claims that the full amount of the exemption available under Virginia law would not be not be available under Tennessee law, thus potentially available in part to creditors. The Debtors contend to the contrary, advising that Tenn. Code Ann. § 26-2-111 allows the Debtors to exempt not only "personal injury proceeds but also an annuity to replace lost income." Debtors' Brief, at p. 2. Alternatively, the Trustee claims that the federal exemptions may apply if the Debtors are not able to claim the Tennessee or Virginia exemptions.[2] The Court need not answer this question, as the Court finds the Debtors to be domiciled in Virginia and that the Virginia exemption applies.

---

[1] Va. Code Ann. § 34-28.1 provides, in pertinent part, as follows: "all causes of action for personal injury or wrongful death and the proceeds derived from court award or settlement shall be exempt from creditor process against the injured person or statutory beneficiary as defined in Article 5 (§ 8.01-50 et seq.) of Title 8.01. It shall not be required that a householder designate any property exempt under this section in a deed in order to secure such exemption."

[2] Tenn. Code Ann. § 26-2-111 provides that "In addition to the property exempt under § 26-2-103, the following shall be exempt from execution, seizure or attachment in the hands or possession *of any person who is a bona fide citizen permanently residing in Tennessee* . . . ." (emphasis added). Setting domicile aside, the Debtors are clearly not "permanently residing in Tennessee."

CONCLUSIONS OF LAW

This Court has jurisdiction of this matter by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984 and Rule 3 of the Local Rules of the United States District Court for the Western District of Virginia. This Court further concludes that this matter is a "core" bankruptcy proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B). Venue is appropriate in this Court pursuant to 28 U.S.C. § 1408.[3]

Prior to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Section 522(b)(2) of the Bankruptcy Code provided that where property is exempt under state law, the applicable state or local law is that "place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180–day period than in any other place . . . ." 11 U.S.C. § 522(b)(2)(A). In an apparent attempt to discourage debtors from moving to states with more generous exemption rights and with a view toward filing bankruptcy, BAPCPA extended the period for determining the debtor's domicile from 180 days to 730 days. See 11 U.S.C. § 522(b)(3)(A); 4 *Collier on Bankruptcy*, ¶ 522.06 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

As Judge Bostetter stated in *In re Koons*, 225 B.R. 121 (Bankr. E.D. Va. 1998), "the issue of domicile is a fact-based analysis that is not disposed of by one element but rather depends on a variety of factors that when reviewed as a whole, evidence an intent to be domiciled in a state." *Id.* at 123; *See also Gambelli v. United States,* 904 F.Supp. 494, 497 (E.D. Va. 1995), *aff'd,* 87

---

[3] The Trustee does not challenge venue and agrees that venue for this case is properly found in the Western District of Virginia.

F.3d 1308 (4th Cir. 1996).  Moreover, as stated in *Koons*, "[i]t is well established that a person may have more than one residence, but only one domicile." *Id.; Gambelli,* 904 F.Supp. at 496.  A change in residence without a change in an intent to return to the original state does not indicate a change in domicile. *Wellberg,* 12 B.R. 48, 50–51 (Bankr. E.D. Va. 1981)(citations omitted).  Unless a person's intent changes, the domicile is not altered. *Koons,* 225 B.R. at 123.  In Virginia, to establish a domicile, the party must have a physical presence in the state and an intention to remain in the state for an unlimited time, and the burden of proving a change in domicile is on the person alleging the change.  *Id.*    The test is similar in Tennessee.[4]

      Here, the Debtors contend that their domicile upon filing was and is Virginia, and the Trustee, as the challenging party, has the burden of proving otherwise.  There is no doubt that the Debtors desire to move to Tennessee, and they have taken active steps toward that goal.  They have acquired property and moved some of their personal belongings there.  However, the Court finds that merely owning a piece of property in another state and moving some personal items into it, with the intent to relocate there at some point in the future, does not satisfy the prong that the debtors have a "physical presence" in the state.  The Debtors have no requisite physical presence in Tennessee, but they do in Virginia.  The overwhelming evidence at trial was that Virginia is their domicile until they establish one elsewhere. Without limitation, they live nearly exclusively in Virginia, they vote in Virginia, they have Virginia driver's licenses, they attend church and work in Virginia, and they register their cars in Virginia.  As of the requisite period

---

[4] In *In re Gurley*, 215 B.R. 703, 708 (Bankr. W.D. Tenn. 1997), the court stated "[i]n Tennessee, 'domicile' is defined as the place 'where a person has his principal home and enjoyment of his fortunes; which he does not expect to leave, except for a purpose; from which when absent, he seems to himself a wayfarer; to which when he returns, he ceases to travel.' A person may have two or more residences but only one domicile. For bankruptcy purposes, 'the term "residence" has been construed to include places where the debtor has a semi-permanent residence, even if that place is not the debtor's domicile.'" (citations omitted). *See also In re Acor*, 510 B.R. 588, 592 (Bankr. W.D. Tenn. 2014).

prior to filing, they considered Virginia their "home" for lack of a better description. Is it their intention to remain in Virginia on a long term basis? No -- and the Debtors are forthright about that. Due to the burdens of maintaining the Virginia Property, their ages, and the desire to be closer to more abundant health care options, the Debtors plan to move as soon as their Virginia Property sells.[5] Until that time, they cannot be domiciled in two places at once, and the place they have chosen as their domicile until then is Virginia. Under the Tennessee test, their "principal home and enjoyment of their fortunes" are also in Virginia. That they desire to move at some point, and have taken some steps toward that end, is not enough to negate their current domicile in Virginia. Until the physical presence test is met elsewhere, where they intend to stay down the road is not the deciding factor. Under the circumstances of this case, the Court does not find that the objecting party has carried the burden to establish that the Debtors cannot maintain Virginia domicile and the Virginia exemptions, and the Trustee's objection to the Debtors' claim of exemptions is overruled.

     A separate Order shall be entered contemporaneously herewith.

     Decided this  29th  day of November, 2017.

_____
UNITED STATES BANKRUPTCY JUDGE

---

[5] The Debtors' Chapter 13 Plan provides that the Virginia Property will be listed for sale, and if there is no contract of sale by August 1, 2018, the automatic stay will be terminated and the property surrendered. Docket Entry 5, ¶11. The Virginia Property is currently listed for sale with a licensed realtor. See Trustee's Exhibit B. The Chapter 13 Plan has not yet been confirmed.